# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

**FILED**
APR 1 8 2013
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 3:13 MJ 2028
)
Office Building located at 5500 Lonas Drive, )
Knoxville, Tennessee )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the Eastern District of Tennessee *(identify the person or describe property to be searched and give its location)*:

The office building located at 5500 Lonas Drive, Knoxville, Tennessee, more particularly described in Attachment A(1) which is incorporated herein.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
Please see Attachment A(2). Search to be conducted pursuant to Special Conditions in Attachment H. Both Attachment A(2) and Attachment H are incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

    x  evidence of a crime;

    ❏  contraband, fruits of crime, or other items illegally possessed;

    x  property designed for use, intended for use, or used in committing a crime;

    ❏  a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of 18 U.S.C. §§ 371, 1341, 1343, and 1349, and the application is based on these facts:
Conspiracy to commit an offense against the United States, mail fraud, wire fraud, conspiracy to commit mail fraud and wire fraud.

Please see attached Affidavit of Special Agent Robert H. Root, Federal Bureau of Investigation.

    x  Continued on the attached sheet.

    ❏  Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Robert H. Root, Federal Bureau of Investigation
***Printed name and title***

Sworn to before me and signed in my presence.

Date: 4-11-13

_____
*Judge's signature*

City and state: Knoxville, Tennessee

Bruce Guyton, U.S. Magistrate Judge
***Printed name and title***

## Attachment A1

## LOCATION TO BE SEARCHED

The property to be searched is an office building located at 5500 Lonas Drive, Knoxville, Tennessee which is a three-story, tan brick office building with a sign located in front of the building identifying it as "Building 1, 5500 Lonas Road", within the "Pilot Park" office park.





Attachment A1　　Page 1
Case 3:13-mj-02028-HBG   Document 3   Filed 04/18/13   Page 2 of 18   PageID #: 23

## Attachment B1

## LOCATION TO BE SEARCHED

The property to be searched is an office building located at 5508 Lonas Drive, Knoxville, Tennessee which is a three-story, redish brick office building with the Pilot and Flying J logos above the number "5508".





Attachment B1 Page 1
Case 3:13-mj-02028-HBG   Document 3   Filed 04/18/13   Page 3 of 18   PageID #: 24

# ATTACHMENT A2

## DESCRIPTION OF ITEMS TO BE SEIZED

From the office building located at 5500 Lonas Drive, Knoxville, Tennessee, all documents (defined below) relating to violations of 18 U.S.C. 371, 1341, 1343 and 1349, those violations involving a conspiracy among, and a scheme executed by, Pilot (defined below) employees to defraud Pilot Customers (defined below) by deceptively reducing discounts and rebates due to Pilot Customers, without the Customers' knowledge or approval, for the dual purposes of increasing Pilot's profitability and the sales commissions of the Pilot employees participating in the conspiracy and scheme to defraud, and occurring after January 1, 2008, including:

1. E-mails and any attachments thereto related to Rebate Fraud (defined below);
2. E-mails and any attachments thereto related to Rebate Amounts (defined below);
3. All documents related to Rebate Fraud;
4. All documents related to Rebate Amounts, including data sent from PRS;
5. Profit and Loss Statements for any Direct Billed Customer (defined below);
6. Profit and Loss Statements for any Restricted/Funded Customer (defined below);
7. Funded/Restricted Customer lists, including Funded/Restricted-related "Must Lists";
8. Direct Billed Customer lists, including Direct Billed-related "Must Lists";
9. Customer (defined below) sales call, activity reports, or trip reports;
10. E-mails related to Customer sales calls;

11. SalesForce-generated e-mails attaching or summarizing weekly sales call, activity reports, or trip reports;

12. Reports related to the profitability of Pilot's direct diesel sales employees or their Customers' accounts;

13. Agreements memorializing any diesel price discount between Pilot and a Pilot Customer;

14. Discount Addition/Change Form;

15. Documents stating or summarizing any diesel price discount agreement between Pilot and a Customer including data stored in and processed through Ascend;

16. Mail packaging or envelopes sent by Pilot employees to a Customer;

17. Rebate checks payable to Customers;

18. Invoices addressed to Customers;

19. Documents related to the wiring of Rebate Amounts to Customers;

20. Documents related to the calculation of Rebate Amounts for Customers;

21. Documents tracking what Rebate Amount a Customer should have been paid by Pilot compared with what Pilot actually paid the Customer;

22. Any document that states what Rebate Amount a Customer should be paid or should have been paid;

23. Any document to be used in the process of calculating a Customer's Rebate Amount;

24. All documents showing daily pricing information for Customers, including Price Fetch (defined below) and Reflection (defined below);

25. A complete imaging, or copying, of the entire contents of any computer devices used by Lori McFarland, so that the complete image, or copy, of the computers devices may be searched off-site, consistent with the search warrant, for any of the above-described documents, and, in the event that any such documents are found, that they may be seized along with any contextual information necessary to understand and preserve the authenticity and provenance of the document seized, including but not limited to, document metadata, or similar information; and

26. A complete imaging, or copying, of the entire contents of any computer device that contains any of the above-described documents, so that the complete image, or copy, of the computer device may be searched off-site, consistent with the search warrant, for any of the above-described documents, and, in the event that any such documents are found, that they may be seized along with any contextual information necessary to understand and preserve the authenticity and provenance of the document seized, including but not limited to, document metadata, or similar information.

27. The items listed above shall include electronically-stored data, including any form of computer device, including computer devices specifically named above, that can store data. As used both in the attached affidavit supporting the application for a search and seizure warrant and in this attachment, the term "computer device" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, tablets, server computers, network hardware, hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media upon which data can be stored.

28. For any computer device whose seizure is otherwise authorized by this warrant, and any computer device that contains or in which is stored records or information that is otherwise called for by this warrant:

    a) evidence of who used, owned, or controlled the computer device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b) evidence of the attachment to the computer device of other storage devices or similar containers for electronic evidence;

    c) evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the computer device;

    d) evidence of the times the computer was used;

    e) passwords, encryption keys, and other access devices that may be necessary to access the computer device;

    f) documentation and manuals that may be necessary to access the computer device or to conduct a forensic examination of the computer device; and records of or information about the Internet Protocol addresses used by the computer device.

For the items listed above, the term "Pilot" refers collectively to Pilot Corporation, Pilot Travel Centers, LLC, PilotFlying J, and any other name under which Pilot Corporation sells diesel fuel to commercial customers through its direct sales team of Regional Sales Directors, Regional Sales Managers, Regional Account Representatives, and Inside Sales Representatives.

For the items listed above, the term "Customer" and "Customers" refers to Pilot customers who purchase diesel fuel for commercial use from Pilot's stations and travel-plazas, and includes Direct Billed Customers and Funded/Restricted Customers, which are defined below.

For the items listed above, the term "Direct Billed Customers" refers to Customers to whom Pilot has extended credit for the purchase of diesel fuel. Direct Billed Customers purchase their diesel from Pilot on credit extended by Pilot, and Pilot sends these Customers an invoice for the cost of the diesel purchased on credit, including any agreed upon discount, on a periodic basis, sometimes on a daily basis, but typically no longer than a weekly basis.

For the items listed above, the term "Funded/Restricted Customers" refers to Customers who purchase their diesel fuel from Pilot using a credit source other than Pilot. Funded/Restricted Customers who receive an agreed upon discount from Pilot for the purchase of diesel fuel typically receive that discount in the form a monthly "rebate" check.

For the items listed above, the term "Rebate Amount" refers to the amount of money that a Pilot Customer should be credited or refunded pursuant to terms of the diesel price discount deal and agreement between Pilot and the Customer.

For the items listed above, the term "Rebate Fraud" means the intentional and deceptive reduction of a Rebate Amount due to a Customer, without the Customer's knowledge or approval, for the purpose of increasing Pilot's profitability and the sales commissions of Pilot employees.

For the items listed above, the term "Price Fetch" is what Pilot internally refers to as the daily diesel price information that Pilot has the capability of sending to its Customers that shows the diesel fuel price that each Customer is supposed be receiving at each travel plaza specified.

For the items listed above, the term "Reflection" is what Pilot internally refers to as the daily diesel price information that Pilot has the capability of sending to a Customer's credit card billing company.

For the items listed above, the term "documents" means and includes writings or records of every kind or character, conveying information by mechanical, electronic, photographic, or other means, whether encoded, taped, stored or coded electrostatically, electromagnetically, or otherwise, and includes, but is not limited to correspondence, e-mail, facsimiles, notes, memoranda, minutes, summaries, telephone records, telephone message logs or slips, calendars, date books, interoffice communications, results of investigations, videotapes, audiotapes, microfiche, microfilm, any electronic media, accounting and financial records of any kind (including checks (front and back), wire transfers, cash payments or receipts, and check requests), and refers to any record in the organization's possession, custody, or control, and includes all drafts, unfinished versions of documents, and material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed that relate to the

violations of 18 U.S.C. §§ 371, 1341, 1343, and 1349 involving a conspiracy among, and a scheme executed by, Pilot employees to defraud Pilot Customers by deceptively reducing discounts and rebates due to Pilot Customers, without the Customers knowledge or approval, for the dual purposes of increasing Pilot's profitability and the sales commissions of the Pilot employees participating in the conspiracy and scheme to defraud, and occurring after January 1, 2008.

## ATTACHMENT H
## Special Conditions

Your affiant, Special Agent Robert H. Root, FBI, requests approval for the following special conditions of the requested search and seizure warrants:

1. **Documents**

    The term "documents" means and includes writings or records of every kind or character, conveying information by mechanical, electronic, photographic, or other means, whether encoded, taped, stored or coded electrostatically, electromagnetically, or otherwise, and includes, but is not limited to correspondence, e-mail, facsimiles, notes, memoranda, minutes, summaries, telephone records, telephone message logs or slips, calendars, date books, interoffice communications, results of investigations, videotapes, audiotapes, microfiche, microfilm, any electronic media, accounting and financial records of any kind (including checks (front and back), wire transfers, cash payments or receipts, and check requests), and refers to any record in the organization's possession, custody, or control, and includes all drafts, unfinished versions of documents, and material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed that relate to the violations of 18 U.S.C. §§ 371, 1341, 1343, and 1349 involving a conspiracy among, and a scheme executed by, Pilot employees to defraud Pilot Customers by deceptively reducing discounts and rebates due to Pilot Customers, without the Customers knowledge or approval, for the dual purposes of increasing Pilot's profitability and the sales commissions of the Pilot employees participating in the conspiracy and scheme to defraud, and occurring after January 1, 2008.

2. **5508 Lonas Drive, Knoxville, Tennessee ("the 5508 Lonas Drive Property")**

*Potential Attorney-Client Information and Material Subject to Attorney Work Product Doctrine*

    It is possible that documents potentially falling within the categories of the attorney-client privilege or the attorney work product doctrine (collectively referred to herein as "any Privilege") may be found at the 5508 Lonas Drive Property. Accordingly, the following procedures will be employed:

*Non-electronic Documents and Records (except those contained in General Counsel or Associate Counsel's Office)*:

    The government will establish a "filter team" to deal with documents potentially covered by any Privilege. The filter team will consist of a special agent(s) and a federal attorney(s), neither of

**Attachment H**

**Page 1**

In the matter of the search warrants for the following:
the office building located at 5500 Lonas Drive, Knoxville, Tennessee;
the office building located at 5508 Lonas Drive, Knoxville, Tennessee;
the commercial building located at 1339 East Weisgarber Road, Knoxville, Tennessee
the residence located at 4302 Dakota Avenue, Nashville, Tennessee;
the residence located at 2211 Blair Drive, Hebron, Kentucky; and
the residence located at 3317 Westminster Road, Bettendorf, Iowa.

Case 3:13-mj-02028-HBG   Document 3   Filed 04/18/13   Page 11 of 18   PageID #: 32

whom will be involved in any prosecution of this matter.

    A) The filter team special agent(s) will participate in the execution of the search warrant. Other members of the search team will be instructed that upon determining that a document may contain communication between an attorney and a client or may contain the work product of an attorney, they are to cease reading the document and provide it to the filter team special agent(s). To facilitate this process, all agents who are involved in the search will be provided with a list of the names of attorneys who are believed to be affiliated with the companies.

    B) The filter team special agent(s) will place any potentially privileged materials into a specially designated and sealed container that is marked "potential attorney-client privilege or attorney work product." The filter team special agent(s) will be directed not to discuss or share such documents with anyone, except other members of the filter team. The filter special agent(s) is to deliver such documents to the filter team attorney(s). The filter team attorney(s), upon receiving such documents, shall maintain them in a secure location separate and apart from any other evidence seized during the search.

    C) The filter team special agent(s) will have the potentially privileged material scanned and placed in a searchable database that is walled-off in an environment that is inaccessible from the prosecution team. After the filter attorney(s) has received the container of potentially privileged material, the filter attorney(s) will make the potentially privileged documents available to defense counsel. The filter attorney(s) will work with defense counsel toward obtaining a list of search terms from defense counsel to be used by the filter team to sort privileged material from non-privileged material. If the filter attorney(s) cannot reach a mutually agreeable method with defense counsel for the filter team to sort privileged material from non-privileged material, the filter attorney will schedule a status conference with the Court before beginning review of the potentially privileged material.

*Electronically stored documents and records*:

    Electronically stored documents (excluding those contained on any email and file servers) will be subject to a similar procedure to that outlined above. Other members of the search team will be instructed that upon determining that an electronically stored document or record may contain communication between an attorney and a client, they are to cease reading the document. The document should then be segregated into an electronic folder marked "potential attorney-client privilege." The folder will be provided to a member of the filter team, and it will be handled in the same manner as that set forth above for non-electronic documents for separating privileged material from non-privileged material.

---

**Attachment H**

Page 2

In the matter of the search warrants for the following:
the office building located at 5500 Lonas Drive, Knoxville, Tennessee;
the office building located at 5508 Lonas Drive, Knoxville, Tennessee;
the commercial building located at 1339 East Weisgarber Road, Knoxville, Tennessee
the residence located at 4302 Dakota Avenue, Nashville, Tennessee;
the residence located at 2211 Blair Drive, Hebron, Kentucky; and
the residence located at 3317 Westminster Road, Bettendorf, Iowa.

*Non-electronic and electronic documents found in Pilot general counsel or associate general counsel's office*:

      Pilot general counsel's and associate general counsel's office will be searched exclusively by the filter team and will be searched for only those items specifically listed under the heading "Items to be Seized from General Counsel and Associate General Counsel's Offices" in Attachment B2 to the Search and Seizure Warrant for the property located at 5508 Lonas Drive, Knoxville, Tennessee. All documents found in Pilot general counsel's or associate general counsel's office will be segregated from anyone who is not on the filter team. A copy of all the documents seized from Pilot general counsel's or associate general counsel's office, whether electronic or non-electronic, will be provided to defense counsel as soon as practicable following the completion of the search of the 5508 Lonas Drive Property. Defense counsel shall maintain a privilege log to document the materials over which the defense is asserting privilege that were seized from Pilot general counsel's or associate general counsel's offices. Defense counsel and the filter attorney(s) will then discuss an appropriate procedure to review the documents and determine whether they are privileged and/or fall within any exceptions to privilege. If the filter attorney(s) agrees with defense counsel's assertion of privilege over a document, the document will be returned to defense counsel and not made known to the grand jury and/or the prosecution team. If the filter attorney(s) and defense counsel have a disagreement regarding whether a document is privileged, the matter shall be brought to the court's attention for *in camera* adjudication.

*Electronic images of entire computers*:

      All electronic images of entire computers that are seized from the 5508 Lonas Drive Property will be segregated in an environment that is inaccessible by the investigation/prosecution team until a privilege review of the entire image can be completed by the filter team. The filter attorney(s) will work with defense counsel toward obtaining a list of search terms from defense counsel to be used by the filter team to sort privileged material from non-privileged material If the filter attorney(s) cannot reach a mutually agreeable method with defense counsel for the filter team to sort privileged material from non-privileged material, the filter attorney will schedule a status conference with the Court before beginning review of the potentially privileged material.

*Email and File Servers*:

      Any portion of email and file servers that is copied will be reviewed on site only by Computer Analysis Response Team agents and Digital Evidence Technicians to the extent necessary to ensure that a readable copy of any such seized portion of an email and file servers has in fact been seized. Any such review will be a random sampling of data. In the event that during any such random data sampling, a document is called up that appears to contain communication between an attorney and a client or may contain the work product of an attorney, the Computer Analysis Response Team agent or Digital Evidence Technician conducting the random data sampling will cease reading the document and notify the filter team special agent(s), and proceed to randomly selecting another document.

---

**Attachment H**

Page 3

In the matter of the search warrants for the following:
the office building located at 5500 Lonas Drive, Knoxville, Tennessee;
the office building located at 5508 Lonas Drive, Knoxville, Tennessee;
the commercial building located at 1339 East Weisgarber Road, Knoxville, Tennessee
the residence located at 4302 Dakota Avenue, Nashville, Tennessee;
the residence located at 2211 Blair Drive, Hebron, Kentucky; and
the residence located at 3317 Westminster Road, Bettendorf, Iowa.

Case 3:13-mj-02028-HBG    Document 3    Filed 04/18/13    Page 13 of 18    PageID #: 34

Any portion of email and file servers that is copied from the 5508 Lonas Drive Property will be segregated in an environment that is inaccessible by the investigation/prosecution team until a privilege review of the entire image can be completed by the filter team. The filter attorney(s) will work with defense counsel toward obtaining a list of search terms from defense counsel to be used by the filter team to sort privileged material from non-privileged material. If the filter attorney(s) cannot reach a mutually agreeable method with defense counsel for the filter team to sort privileged material from non-privileged material, the filter attorney will schedule a status conference with the Court before beginning review of the potentially privileged material.

*The search for and seizure of non-electronic and electronic documents within the individual offices of Pilot CEO Jimmy Haslam, Pilot President Mark Hazelwood, and Pilot CFO Mitch Steenrod*:

The search for and seizure of non-electronic and electronic documents within the individual offices of Pilot CEO Jimmy Haslam, Pilot President Mark Hazelwood, and Pilot CFO Mitch Steenrod will be conducted exclusively by filter agents.

3. **5500 Lonas Drive, Knoxville, Tennessee ("the 5500 Lonas Drive Property") and 1339 E. Weisgarber Road, Knoxville, Tennessee ("the 1339 E. Weisgarber Road Property")**

*Potential Attorney-Client Information and Material Subject to Attorney Work Product Doctrine*:

It is possible that documents potentially falling within the categories of the attorney-client privilege or the attorney work product doctrine (collectively referred to herein as "any Privilege") may be found at the 5500 Lonas Drive Property and the 1339 E. Weisgarber Road Property. Accordingly, the following procedures will be employed:

*Non-electronic Documents and Records*:

The government will establish a "filter team" to deal with documents potentially covered by any Privilege. The filter team will consist of a special agent(s) and a federal attorney(s), neither of whom will be involved in any prosecution of this matter.

A) The filter team special agent(s) will participate in the execution of the search warrant. Other members of the search team will be instructed that upon determining that a document may contain communication between an attorney and a client or may contain the work product of an attorney, they are to cease reading the document and provide it to the filter team special agent(s). To facilitate this process, all agents who are involved in the search will be provided with a list of the names of attorneys who are believed to be affiliated with the companies.

B) The filter team special agent(s) will place any potentially privileged materials into a specially designated and sealed container that is marked "potential attorney-client

**Attachment H**

Page 4

In the matter of the search warrants for the following:
the office building located at 5500 Lonas Drive, Knoxville, Tennessee;
the office building located at 5508 Lonas Drive, Knoxville, Tennessee;
the commercial building located at 1339 East Weisgarber Road, Knoxville, Tennessee
the residence located at 4302 Dakota Avenue, Nashville, Tennessee;
the residence located at 2211 Blair Drive, Hebron, Kentucky; and
the residence located at 3317 Westminster Road, Bettendorf, Iowa.

Case 3:13-mj-02028-HBG   Document 3   Filed 04/18/13   Page 14 of 18   PageID #: 35

privilege or attorney work product." The filter team special agent(s) will be directed not to discuss or share such documents with anyone, except other members of the filter team. The filter special agent(s) is to deliver such documents to the filter team attorney(s). The filter team attorney(s), upon receiving such documents, shall maintain them in a secure location separate and apart from any other evidence seized during the search.

C) The filter team special agent(s) will have the potentially privileged material scanned and placed in a searchable database that is walled-off in an environment that is inaccessible from the prosecution team. After the filter attorney(s) has received the container of potentially privileged material, the filter attorney(s) will make the potentially privileged documents available to defense counsel. The filter attorney(s) will work with defense counsel toward obtaining a list of search terms from defense counsel to be used by the filter team to sort privileged material from non-privileged material If the filter attorney(s) cannot reach a mutually agreeable method with defense counsel for the filter team to sort privileged material from non-privileged material, the filter attorney will schedule a status conference with the Court before beginning review of the potentially privileged material.

*Electronically stored documents and records*

Electronically stored documents (excluding those contained on any email and file servers) will be subject to a similar procedure to that outlined above. Other members of the search team will be instructed that upon determining that an electronically stored document or record may contain communication between an attorney and a client, they are to cease reading the document. The document should then be segregated into an electronic folder marked "potential attorney-client privilege." The folder will be provided to a member of the filter team, and it will be handled in the same manner as that set forth above for non-electronic documents for separating privileged material from non-privileged material.

*Electronic images of entire computers*

All electronic images of entire computers that are seized from the 5500 Lonas Drive Property and the 1339 E. Weisgarber Road Property will be segregated in an environment that is inaccessible by the investigation/prosecution team until a privilege review of the entire image can be completed by the filter team. The filter attorney(s) will work with defense counsel toward obtaining a list of search terms from defense counsel to be used by the filter team to sort privileged material from non-privileged material If the filter attorney(s) cannot reach a mutually agreeable method with defense counsel for the filter team to sort privileged material from non-privileged material, the filter attorney will schedule a status conference with the Court before beginning review of the potentially privileged material.

**Attachment H**

Page 5

In the matter of the search warrants for the following:
the office building located at 5500 Lonas Drive, Knoxville, Tennessee;
the office building located at 5508 Lonas Drive, Knoxville, Tennessee;
the commercial building located at 1339 East Weisgarber Road, Knoxville, Tennessee
the residence located at 4302 Dakota Avenue, Nashville, Tennessee;
the residence located at 2211 Blair Drive, Hebron, Kentucky; and
the residence located at 3317 Westminster Road, Bettendorf, Iowa.

Case 3:13-mj-02028-HBG   Document 3   Filed 04/18/13   Page 15 of 18   PageID #: 36

*Email and File Servers*:

    Any portion of email and file servers that is copied will be reviewed on site only by Computer Analysis Response Team agents and Digital Evidence Technicians to the extent necessary to ensure that a readable copy of any such seized portion of an email and file servers has in fact been seized. Any such review will be a random sampling of data. In the event that during any such random data sampling, a document is called up that appears to contain communication between an attorney and a client or may contain the work product of an attorney, the Computer Analysis Response Team agent or Digital Evidence Technician conducting the random data sampling will cease reading the document and notify the filter team special agent(s), and proceed to randomly selecting another document.

    Any portion of email and file servers that is copied from the 5500 Lonas Drive Property will be segregated in an environment that is inaccessible by the investigation/prosecution team until a privilege review of the entire image can be completed by the filter team. The filter attorney(s) will work with defense counsel toward obtaining a list of search terms from defense counsel to be used by the filter team to sort privileged material from non-privileged material If the filter attorney(s) cannot reach a mutually agreeable method for the filter team to sort privileged material from non-privileged material, the filter attorney will schedule a status conference with the Court before beginning review of the potentially privileged material.

4. **4302 Dakota Avenue, Nashville, Tennessee ("the 4302 Dakota Avenue Property"), 2211 Blair Drive, Hebron Kentucky ("the 2211 Blair Drive Property"), and 3317 Westminster Road, Bettendorf, Iowa ("the 3317 Westminster Road Property")**

*Potential Attorney-Client Information and Material Subject to Attorney Work Product Doctrine*:

    While it is unlikely that documents to or from Pilot corporate counsel to the mid-level managers whose remote home offices are located within these properties could be considered privileged, it is possible that Pilot could try to assert that documents potentially falling within the category of the attorney-client privilege (collectively referred to herein as "any Privilege") may be found at the 4302 Dakota Avenue Property, the 2211 Blair Drive Property, and 3317 Westminster Road Property. Accordingly, out of an abundance of caution, the following procedures will be employed:

*Non-electronic Documents and Records*:

    The government will establish a "filter team" to deal with documents potentially covered by any Privilege. The filter team will consist of a special agent(s) and a federal attorney(s), neither of whom will be involved in any prosecution of this matter.

**Attachment H**

Page 6

In the matter of the search warrants for the following:
the office building located at 5500 Lonas Drive, Knoxville, Tennessee;
the office building located at 5508 Lonas Drive, Knoxville, Tennessee;
the commercial building located at 1339 East Weisgarber Road, Knoxville, Tennessee
the residence located at 4302 Dakota Avenue, Nashville, Tennessee;
the residence located at 2211 Blair Drive, Hebron, Kentucky; and
the residence located at 3317 Westminster Road, Bettendorf, Iowa.

Case 3:13-mj-02028-HBG   Document 3   Filed 04/18/13   Page 16 of 18   PageID #: 37

A) The filter team special agent(s) will participate in the execution of the search warrant. Other members of the search team will be instructed that upon determining that a document may contain communication between an attorney and a client or may contain the work product of an attorney, they are to cease reading the document and provide it to the filter team special agent(s). To facilitate this process, all agents who are involved in the search will be provided with a list of the names of attorneys who are believed to be affiliated with the companies.

B) The filter team special agent(s) will place any potentially privileged materials into a specially designated and sealed container that is marked "potential attorney-client privilege or attorney work product." The filter team special agent(s) will be directed not to discuss or share such documents with anyone, except other members of the filter team. The filter special agent(s) is to deliver such documents to the filter team attorney(s). The filter team attorney(s), upon receiving such documents, shall maintain them in a secure location separate and apart from any other evidence seized during the search.

C) The filter team special agent(s) will have the potentially privileged material scanned and placed in a searchable database that is walled-off in an environment that is inaccessible from the prosecution team. After the filter attorney(s) has received the container of potentially privileged material, the filter attorney(s) will make the potentially privileged documents available to defense counsel. The filter attorney(s) will work with defense counsel toward obtaining a list of search terms from defense counsel to be used by the filter team to sort privileged material from non-privileged material If the filter attorney(s) cannot reach a mutually agreeable method with defense counsel for the filter team to sort privileged material from non-privileged material, the filter attorney will schedule a status conference with the Court before beginning review of the potentially privileged material.

*Electronically stored documents and records*

Electronically stored documents (excluding those contained on any email and file servers) will be subject to a similar procedure to that outlined above. Other members of the search team will be instructed that upon determining that an electronically stored document or record may contain communication between an attorney and a client, they are to cease reading the document. The document should then be segregated into an electronic folder marked "potential attorney-client privilege." The folder will be provided to a member of the filter team, and it will be handled in the same manner as that set forth above for non-electronic documents for separating privileged material from non-privileged material.

**Attachment H**

Page 7

In the matter of the search warrants for the following:
the office building located at 5500 Lonas Drive, Knoxville, Tennessee;
the office building located at 5508 Lonas Drive, Knoxville, Tennessee;
the commercial building located at 1339 East Weisgarber Road, Knoxville, Tennessee
the residence located at 4302 Dakota Avenue, Nashville, Tennessee;
the residence located at 2211 Blair Drive, Hebron, Kentucky; and
the residence located at 3317 Westminster Road, Bettendorf, Iowa.

Case 3:13-mj-02028-HBG   Document 3   Filed 04/18/13   Page 17 of 18   PageID #: 38

*Electronic images of entire computers*

All electronic images of entire computers that are seized from the 4302 Dakota Avenue Property, the 2211 Blair Drive Property, and 3317 Westminster Road Property will be segregated in an environment that is inaccessible by the investigation/prosecution team until a privilege review of the entire image can be completed by the filter team. The filter attorney(s) will work with defense counsel toward obtaining a list of search terms from defense counsel to be used by the filter team to sort privileged material from non-privileged material If the filter attorney(s) cannot reach a mutually agreeable method with defense counsel for the filter team to sort privileged material from non-privileged material, the filter attorney will schedule a status conference with the Court before beginning review of the potentially privileged material.

**Attachment H**

**Page 8**

In the matter of the search warrants for the following:
the office building located at 5500 Lonas Drive, Knoxville, Tennessee;
the office building located at 5508 Lonas Drive, Knoxville, Tennessee;
the commercial building located at 1339 East Weisgarber Road, Knoxville, Tennessee
the residence located at 4302 Dakota Avenue, Nashville, Tennessee;
the residence located at 2211 Blair Drive, Hebron, Kentucky; and
the residence located at 3317 Westminster Road, Bettendorf, Iowa.

Case 3:13-mj-02028-HBG   Document 3   Filed 04/18/13   Page 18 of 18   PageID #: 39